**LONE STAR CREAMERY CO. v. CARPENTER. (No. 3219.)**

(Court of Civil Appeals of Texas. Texarkana. June 7, 1926. Rehearing Denied June 24, 1926.)

Contracts ⬦=⇒354—Findings of fact, in suit for services by discharged architect, held to sustain judgment in his favor.

Findings of fact, in suit to recover for architect's services under contract whereby he was to receive 6 per cent. of cost price and two-thirds of which he had completed when discharged, *held* to sustain judgment for two-thirds of difference between agreed amount and customary charge for supervision.

Appeal from District Court, Harris County; W. E. Monteeth, Judge.

Suit by M. R. Carpenter against the Lone Star Creamery Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Ball, Merrill & Susman, of Houston, for appellee.

HODGES, J. This suit was filed in June, 1924, by the appellee, Carpenter, to recover the value of his services as an architect rendered to the appellant. The material facts are thus stated in the conclusions of law and findings of fact by the trial court:

"(1) I find that on February 12, 1924, the plaintiff, Carpenter, who was and is an experienced architect, having his office in the city of Chicago, acting at the request of a mutual busi-

ness, wrote the defendant, Lone Star Creamery Company, at Houston, Tex., with reference to making plans for a creamery plant at Houston, Tex., which the defendant then contemplated, in which he stated that his charges for work of that class would be 6 per cent. of the cost of the work done, including equipment, and also an additional charge for railway and hotel expenses, and that on February 14, 1924, the defendant sent plaintiff a telegram acknowledging receipt of said letter, stating the nature of the work to be done, and that the terms and fee mentioned in said letter by plaintiff were satisfactory, and asked plaintiff to come to Houston for consultation.

"(2) I find that, acting on said telegram, the plaintiff came to Houston on or about the 22d day of February, 1924, and after consultation with the officers of the defendant company, and an examination of the building and machinery of defendant, advised the officers of defendant company that the building which they proposed to use for a creamery plant could be utilized for that purpose, and the existing machinery moved therein in such manner as to constitute an operating plant, and that thereupon the officers of defendant company told plaintiff to proceed with his plans. That plaintiff remained in Houston for about 5 or 6 days, gathering data and preparing to make plans for the proposed improvements, and that he then returned to his office in Chicago and prepared plans covering the preliminary lay-out for said creamery plant, and on or about the 14th of March, 1924, mailed blueprints of such preliminary plans to the defendant at its office in Houston, Tex., with a letter requesting instructions as to whether the same was satisfactory.

"(3) I find that defendant received said letter and plans, but did not reply to the letter, but that thereafter, on or about the 3d day of April, 1924, Mr. R. L. Autry, president of defendant company, visited plaintiff at his office in Chicago, and asked him to come to Houston and prepare the final plans for said improvement; that plaintiff, in compliance with said request, came to Houston, where he arrived on or about the 10th day of April, 1924, and where he remained at work in connection with said plans and the improvements then being carried on until about the 22d day of April, 1924, at which time, at the suggestion of Mr. R. L. Autry, president of said company, plaintiff made an estimate of the cost of the work covered by his plans, at which time plaintiff was informed by said Autry that the defendant company would not pay for the preparation of said plans under the terms of the original contract between plaintiff and defendant; and that plaintiff thereupon returned to Chicago.

"(4) I find that the estimate by plaintiff for such remodeling work was the sum of $72,000, and that the said estimate was approximately correct.

"(5) I find that, after plaintiff had been discharged as above stated, defendant employed J. M. Glover as an architect, and that said Glover presented plans for said improvements, and that the improvements were constructed in accordance with said plans. I find that the plans as made by J. M. Glover were based, to a large extent, on the preliminary plans fur-

nished by plaintiff; the second and third floors of said plans being practically identical with said preliminary plans furnished by plaintiff.

"(6) I find that at the time plaintiff was discharged, as above stated, he had completed about two-thirds of the work he would have been required to do in the event he had been permitted to complete his contract with the defendant.

"(7) I find that the customary charge for supervising the erection or remodeling of a building would be 1½ per cent. of the cost of the building.

"(8) I find, as above stated, that plaintiff spent about 5 or 6 days in Houston on his first trip, and about 11 or 12 days on his second trip, during which time he was working with the defendant and its officers and agents in the preparation and perfection of said plans.

"(9) I further find that defendant, and its officers, at no time made known to the plaintiff any objections they may have had, if any, to said preliminary plans.

"(10) I find that, if plaintiff had been permitted to complete said contract, he would have earned 6 per cent. of the cost price thereof, which amounts to $4,320; that deducting therefrom 1½ per cent. for supervision leaves $3,240, of which amount he is entitled to receive two-thirds or $2,160.

"(11) I also find that the services rendered by plaintiff to defendant were reasonably worth the sum of $2,160.

#### "Conclusions of Law.

"I conclude, as a matter of law, that defendant is justly indebted to plaintiff in the sum of $2,160, together with interest thereon from the 22d day of April, 1924, at 6 per cent. per annum, for all of which judgment is entered."

We are of the opinion that the facts stated above support the judgment based upon the value of the appellee's services.

The judgment is affirmed.